UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DARREN LALUZERNE,

        Plaintiff,

   v.                                                     Case No. 21-cv-1030-bhl

KILOLO KIJAKAZI,
SOCIAL SECURITY ADMINISTRATION,

        Defendant,

## DECISION AND ORDER

    Plaintiff Darren LaLuzerne seeks a summary judgment order reversing and remanding an administrative law judge decision denying his claim for Disability Insurance Benefits (DIB) under the Social Security Act. For the reasons set forth below, the motion will be granted.

### PROCEDURAL BACKGROUND

    LaLuzerne applied for DIB in November 2019. (ECF No. 22 at 2.) His claim was denied initially and on reconsideration, so he sought a hearing before an administrative law judge (ALJ). (*Id.*) That hearing occurred in April 2021. (*Id.*) In a decision dated May 7, 2021, the ALJ found LaLuzerne "not disabled." (*Id.*) The Appeal Council denied his request for review, and this action followed. (*Id.*)

### FACTUAL BACKGROUND

    At the time of his hearing before the ALJ, LaLuzerne testified that he lived with his wife and 16-year-old son and had last worked in April 2019 as vice president of a not-for-profit. (ECF No. 10-3 at 30.) Between 2019 and 2021, multiple doctors diagnosed him with depression and anxiety. (ECF No. 19 at 8-10.) He testified that his daily activities mostly involved performance of household chores. (ECF No. 10-3 at 31.)

### LEGAL STANDARD

    The Commissioner's final decision on the denial of benefits will be upheld "if the ALJ applied the correct legal standards and supported his decision with substantial evidence." *Jelinek*

*v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011) (citing 42 U.S.C. §405(g)). Substantial evidence is not conclusive evidence; it is merely "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citation omitted). The Supreme Court has instructed that "the threshold for such evidentiary sufficiency is not high." *Id.* In rendering a decision, the ALJ "must build a logical bridge from the evidence to his conclusion, but he need not provide a complete written evaluation of every piece of testimony and evidence." *Pepper v. Colvin*, 712 F.3d 351, 362 (7th Cir. 2013) (citation omitted).

In reviewing the entire record, this Court "does not substitute its judgment for that of the Commissioner by reconsidering facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility." *Estok v. Apfel*, 152 F.3d 636, 638 (7th Cir. 1998). Judicial review is limited to the rationales offered by the ALJ. *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002) (citing *SEC v. Chenery Corp.*, 318 U.S. 80, 93-95 (1943)).

## ANALYSIS

LaLuzerne argues for remand because: (1) the ALJ failed to properly evaluate a treating doctor's medical opinions; (2) the ALJ omitted a moderate limitation on concentration, persistence, and pace from his residual functional capacity (RFC) assessment and from the hypotheticals posed to the vocational expert (VE); and (3) the Acting Commissioner of Social Security holds her position on a constitutionally illicit basis. Because the second of these constitutes reversible error, the case will be remanded for further consideration.

**I.    The ALJ Failed to Incorporate a Moderate Limitation on Concentration, Persistence, and Pace into His Residual Functional Capacity Assessment and Subsequent Hypotheticals to the Vocational Expert.**

LaLuzerne contends that the ALJ recognized that state agency consultants had assessed a moderate limitation on concentration, persistence, and pace, but, without explanation, omitted that limitation from his RFC determination and the hypotheticals he posed to the VE. According to Social Security Ruling 96-8p (SSR 96-8p), an RFC assessment "must always consider and address medical source opinions." "If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." SSR 96-8p; *see Conrad v. Barnhart*, 434 F.3d 987, 991 (7th Cir. 2006). Further, an ALJ must "orient the VE to the totality of a claimant's limitations," including "deficiencies of concentration, persistence, and pace." *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 619 (7th Cir. 2010).

Here, the ALJ rejected all but the opinions of Drs. Barthell and Holly. (ECF No. 10-3 at 32-35.) Both opined that LaLuzerne had a moderate limitation with respect to his ability to concentrate, persist, or maintain pace. (ECF Nos. 10-4 at 7; 10-10 at 61.) The ALJ agreed. (*See* ECF No. 10-3 at 29 ("With regard to concentrating, persisting, or maintaining pace, the claimant has a moderate limitation.")). He then concluded that LaLuzerne "ha[d] the residual functional capacity to perform a full range of work at all exertional levels but with the following non-exertional limitations: [LaLuzerne] is limited to simple, routine, and repetitive tasks, with no fast-paced work requirements, only simple, work-related decision-making and occasional changes in the work setting." (ECF No. 10-3 at 30.) According to Defendant, this RFC adequately accounted for moderate limitations in concentration, persistence, and pace. But Seventh Circuit precedent disagrees. In fact, the Seventh Circuit has "repeatedly rejected the notion that . . . confining the claimant to simple, routine tasks and limited interactions with others adequately captures . . . limitations in concentration, persistence, and pace." *Yurt v. Colvin*, 758 F.3d 850, 858-59 (7th Cir. 2014).

The ALJ's RFC assessment in this case is virtually indistinguishable from one the Seventh Circuit rebuffed in *Mischler v. Berryhill*, 766 F. App'x 369 (7th Cir. 2019). The ALJ in *Mischler* accepted and adopted a medical opinion that found the claimant had moderate difficulties with regard to concentration, persistence, or pace. *Id.* at 373. She then limited the claimant to: "(1) 'simple[,] routine and repetitive tasks' in a low-stress job, defined as one involving only occasional (2) decision-making, (3) changes in the work setting, (4) and interaction with the public or co-workers; (5) 'no piecework or fast moving assembly line type work;' and (6) the flexibility to be off-task up to ten percent of the day." *Id.* at 375-76. The Seventh Circuit held that this RFC assessment failed to account for moderate limitations in concentration, persistence, and pace. *Id.* at 376. The ALJ decision pending before this Court makes the same mistake. It limits LaLuzerne to simple, routine, and repetitive tasks with no fast-paced work requirements, excessive decision-making, or frequent changes in work setting. Under binding precedent, none of this accounts for the opined limitations in concentration, persistence, and pace.

Defendant's analogy to *Surprise v. Saul*, 968 F.3d 658 (7th Cir. 2020) is unavailing. That case concerned whether a disability claimant limited to one- to three-step tasks could perform a job that the Dictionary of Occupational Titles classified under reasoning level 2, which requires the ability to "[a]pply[] commonsense understanding to carry out detailed but uninvolved written

or oral instructions." *Id.* at 662 (internal quotations omitted). The Seventh Circuit held that there was no "conflict between a one- to three-step instruction limitation and a job requiring reasoning level 2." *Id.* It is true that, in the present action, Dr. Holly opined a two- to three-step instruction limitation for LaLuzerne. (ECF No. 10-10 at 48.) But this case is not about whether the ALJ's RFC accommodated that limitation. The limitation at issue here concerns the ability to concentrate, persist, and maintain pace. And the two are not coextensive. *See O'Connor-Spinner*, 627 F.3d at 620. It took Michelangelo two years to complete the statue of David. That may or may not reflect a reasonable pace, but it certainly evinces a capacity to perform more than three-step tasks. And actually, the claimant in *Mischler* was also limited to one- to three-step tasks. *Mischler*, 766 F. App'x at 372. The fact that the ALJ accommodated this limitation by restricting the claimant to simple, routine, and repetitive tasks did not prevent the Seventh Circuit from holding that the same restriction failed to incorporate the limitation on concentration, persistence, and pace.

This case is also distinct from *Pavlicek v. Saul*, 994 F.3d 777 (7th Cir. 2021). There, the Seventh Circuit upheld an RFC similar to the one at issue here. As with Dr. Holly, the state agency consultant in *Pavlicek* indicated a moderate limitation in areas related to maintaining concentration and pace in the checklist portion of his completed form. *Id.* at 783. But he elaborated in the narrative portion of the form, writing that the claimant "could perform at a consistent pace particularly if . . . engaged in [] simple, repetitive tasks." *Id.* (internal quotations omitted). Dr. Holly included no such mitigating explanation. Dr. Barthell, on the other hand, did state: "The claimant is capable of concentrating for 2 hrs and any difficult could be accommodated through normal work breaks." (ECF No. 10-4 at 11.) But this only further confuses the matter. The ALJ supposedly relied on both Dr. Barthell's and Dr. Holly's opinions. To the extent those opinions are in tension—Dr. Barthell suggests normal work breaks could accommodate LaLuzerne's concentration troubles, while Dr. Holly does not—the ALJ needed to explain why he privileged one over the other. *See Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005) (holding that an "ALJ must . . . explain his analysis of the evidence with enough detail and clarity to permit meaningful appellate review"). Failure to do so makes it impossible to evaluate the logical consistency of the decision; it is not even obvious that the ALJ recognized any friction between the two consultants' opinions.

Additionally, the hypotheticals the ALJ posed to the VE are of a flavor the Seventh Circuit has consistently rejected. While there is no "per se requirement that [the] specific terminology ('concentration, persistence and pace') be used in the hypothetical in all cases," the ALJ must at least apprise the VE of the claimant's limitations. *O'Connor-Spinner*, 627 F.3d at 619. "In most cases . . . employing terms like 'simple, repetitive tasks' on their own will not necessarily exclude from the VE's consideration those positions that present significant problems of concentration, persistence and pace." *Id.* at 620. And none of the exceptions recognized in *O'Connor-Spinner* are applicable here. *See id.* at 619-20 (excusing hypotheticals that do not obviously account for limitations on concentration, persistence, and pace when the VE has independently reviewed the medical record, the claimant's limitations were stress-related and the hypothetical restricted him to low-stress work, or the ALJ mentioned the claimant's underlying conditions). The ALJ's hypotheticals were, therefore, also defective.

While an ALJ need not adopt every limitation an expert proposes, he must explain why he has excluded a limitation contained in an opinion he found otherwise persuasive. SSR 96-8p. Here, the ALJ's RFC assessment does not incorporate the moderate limitation on concentration, persistence, and pace found in the opinions of Drs. Barthell and Holly. This omission is not explained. To the extent Drs. Barthell's and Holly's opinions are in tension, the ALJ does not explain why he favored one over the other. Furthermore, the hypotheticals posed to the VE do not incorporate the limitation on concentration, persistence, and pace. Thus, the ALJ's decision is not supported by substantial evidence and must be remanded. *See Mischler*, 766 F. App'x at 375.

## CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's motion for summary judgment, ECF No. 19, is **GRANTED**. Pursuant to sentence four of 42 U.S.C. §405(g), the ALJ's decision is reversed, and the case is remanded to the Commissioner for further proceedings consistent with this opinion.

Dated at Milwaukee, Wisconsin on September 29, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge