UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DARREN LALUZERNE,

          Plaintiff,

v.                                                                                                            Case No. 21-cv-01030-bhl

KILOLO KIJAKAZI,
SOCIAL SECURITY ADMINISTRATION,

          Defendant,

## ORDER DENYING RULE 59(e) MOTION

On September 29, 2022, the Court entered an Order and Judgment reversing and remanding the Acting Commissioner of the Social Security Administration's decision to deny Plaintiff Darren LaLuzerne's application for Disability Insurance Benefits (DIB). (ECF Nos. 29 & 30.) The Court held that the ALJ in LaLuzerne's case "failed to incorporate a moderate limitation on concentration, persistence, and pace into his residual functional capacity assessment and subsequent hypotheticals to the vocational expert." (ECF No. 29 at 2.) On October 26, 2022, the Acting Commissioner of the Social Security Administration filed a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e). (ECF No. 32.) For the following reasons, the motion will be denied.

### LEGAL STANDARD

"A Rule 59(e) motion will be successful only where the movant clearly establishes: '(1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.'" *Cincinnati Life Ins. Co. v. Beyrer*, 772 F.3d 939, 954 (7th Cir. 2013) (quoting *Blue v. Hartford Life & Accident Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012)). Manifest error refers to the misapplication or misidentification of controlling law. *See Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000).

## ANALYSIS

Citing *Peeters v. Saul*, 975 F.3d 639 (7th Cir. 2020) and *Pavlicek v. Saul*, 994 F.3d 777 (7th Cir. 2021), the Acting Commissioner argues that the Court erroneously applied Seventh Circuit precedent when it held that the ALJ did not adequately account for a moderate limitation in concentration, persistence, and pace. For the reasons stated below, the Court disagrees that it has misapplied Seventh Circuit law and will therefore deny the pending motion to reconsider.

The record shows that in denying Plaintiff's claim for benefits, the ALJ rejected all opinions other than those of Drs. Robert Barthell and Kyla Holly. (ECF No. 10-3 at 32-35.) Both Dr. Barthell and Dr. Holly assessed Plaintiff with moderate limitations in concentration, persistence, and pace. (ECF Nos. 10-4 at 7; 10-10 at 48.) The ALJ adopted this limitation in his residual functional capacity (RFC) analysis and then concluded that LaLuzerne "ha[d] the residual functional capacity to perform a full range of work at all exertional levels but with the following non-exertional limitations: [LaLuzerne] is limited to simple, routine, and repetitive tasks, with no fast-paced work requirements, only simple, work-related decision-making and occasional changes in the work setting." (ECF No. 10-3 at 30.) The Court held that this did not fully account for the assessed limitation in concentration, persistence, and pace. (ECF No. 29 at 5.)

The Seventh Circuit has "repeatedly rejected the notion that . . . confining [a] claimant to simple, routine tasks and limited interactions with others adequately captures temperamental deficiencies and limitations in concentration, persistence, and pace." *Yurt v. Colvin*, 758 F.3d 850, 858-59 (7th Cir. 2014). That said, if a medical professional specifically opines that, for example, simple, routine tasks will sufficiently accommodate limitations in concentration, persistence, and pace, then an ALJ does not err when he incorporates that accommodation in his RFC. *See Pavlicek v. Saul*, 994 F.3d 777, 783 (7th Cir. 2021). As the Court explained in its Order, Dr. Barthell satisfied this requirement by including an explanatory narrative, stating that LaLuzerne was "capable of concentrating for 2 hrs and any difficulty could be accommodated through normal work breaks." (ECF No. 10-4 at 11.) But, contrary to the Acting Commissioner's assertions, Dr. Holly said no such thing. (ECF No. 10-10 at 48.) The ALJ's reliance on Dr. Holly's opinion is therefore problematic.

In the checkbox portion of her form, Dr. Holly indicated a moderate limitation in "[t]he ability to maintain attention and concentration for extended periods." (*Id.* at 45.) Then, in the narrative section, she wrote that LaLuzerne was "at least capable of performing 2-3 step

instructions" and "would be capable of performing the basic mental demands of work." (*Id.* at 48.) The Acting Commissioner believes that this portion of the narrative elucidated Dr. Holly's checkbox observation related to concentration. *See Johansen v. Barnhart*, 314 F.3d 283, 289 (7th Cir. 2002). But neither of the narrative explanations necessarily relates to Dr. Holly's moderate limitation on concentration. *See Varga v. Colvin*, 794 F.3d 809, 816 (7th Cir. 2015) (holding that an ALJ may only rely on narrative RFCs rather than checkboxes when the "narrative adequately encapsulates and translates [] worksheet observations"). A narrative RFC that references simple tasks and instructions does not necessarily account for a limitation on concentration. *See O'Connor-Spinner v. Astrue*, 627 F.3d 614, 620 (7th Cir. 2010) (holding that "simple, repetitive tasks" do not always account for limitations in concentration, persistence, and pace); *Peeters v. Saul*, 975 F.3d 639, 641 (7th Cir. 2020) (affirming an ALJ's reliance on a narrative RFC when the narrative explicitly found that the claimant "could perform simple, routine, and repetitive work within . . . limitations" on concentration, persistence, and pace). Dr. Holly's narrative gives no indication that her "2-3 step instruction" accommodation is responsive to her assessed limitation in concentration. *See Mischler v. Berryhill*, 766 F. App'x 369, 372 (7th Cir. 2019) (reversing an ALJ who presumed a narrative RFC that assessed the ability to complete one- to three-step tasks translated a checkbox limitation on concentration, persistence, and pace). It is thus materially different from the narratives that this Court recently held did translate or flesh-out checkbox observations in *Goratowski v. Kijakazi*, No. 21-cv-1054-bhl, 2022 WL 11054083, at *2 (E.D. Wis. Oct. 19, 2022). Like Dr. Holly, the doctors in *Goratowski* assessed moderate limitations in concentration, persistence, and pace. *Id.* at *2. But they elaborated that the claimant "would be able to sustain [concentration, persistence, and pace] of tasks that are simple and repetitive." *Id.* In contrast, Dr. Holly's opinion draws no connection between the box she checked and the narrative provided. Thus, her narrative RFC did not explain away the assessed limitation on concentration.

*Peeters* and *Pavlicek* do not compel a different conclusion. In *Peeters*, six state agency psychologists evaluated the claimant, and three of them assessed moderate limitations in concentration, persistence, and pace. 975 F.3d at 641-42. But in their narratives, those psychologists explicitly translated their checkbox findings. One doctor wrote: "[Peeters] is capable of carrying out simple, 2-3 step instructions and maintaining attention and concentration when doing so." *Peeters v. Berryhill*, No. 18-CV-738, 2019 WL 2289632, at *5 (E.D. Wis. May

28, 2019). Another stated: "The longitudinal evidence of record does not indicate marked ongoing limitations in [concentration and persistence]." *Id.* at *6. The third provided: "[Peeters] is able to sustain attention for simple, repetitive tasks for extended periods of two hour segments over the course of routine workday/workweek within acceptable attention, concentration, persistence and pace tolerances." *Id.* As in *Goratowski*, these narratives expressly incorporated the assessed limitations in concentration, persistence, and pace. The Seventh Circuit, therefore, held that the ALJ did not err in privileging those narrative explanations over the checkbox findings. *Peeters*, 975 F.3d at 642. By contrast, Dr. Holly's narrative does not address her assessed limitation in concentration.

In *Pavlicek*, a non-examining state agency consultant found the claimant had moderate limitations in concentration, persistence, and pace. 994 F.3d at 780. But in the narrative section, he qualified that the claimant "could perform at a consistent pace particularly if engaged in simple, repetitive tasks." *Id.* (internal quotations omitted). Again, because the narrative explanation adequately encapsulated the checklist, the Seventh Circuit held that it was not an error to rely on and adopt the RFC limitations identified in the narrative. *Id.* at 783. But Dr. Holly's narrative does not adequately encapsulate her assessed limitation in concentration, so that limitation is not so easily cast aside.

Dr. Holly's failure to translate her checkbox observations is problematic because, as the Court's Order pointed out, this appears to put her opinion in tension with Dr. Barthell's. (ECF No. 29 at 4.) If the ALJ decided Dr. Barthell's opinion on concentration was more persuasive, he needed to explain why. *See Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Yet he did not do so. Given that, the Court stands by its prior Order and Judgment.

## CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant's motion to alter or amend a judgment, ECF No. 32, is **DENIED**.

Dated at Milwaukee, Wisconsin on November 7, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge